E-FILED; Montgomery Circuit Court
Docket: 8/26/2026 2:40 PM; Submission: 8/26/2026 2:40 PM
Envelope: 27987852

**IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND**

**CHRISTINA ROYSTER,**
3816 Wildlife Lane,
Burtonsville, Maryland 20866,

Plaintiff,

v.

**EXPERIAN INFORMATION SOLUTIONS, INC.,**
c/o The Corporation Trust, Incorporated (Registered Agent),
2405 York Road, Suite 201,
Lutherville Timonium, Maryland 21093-2264;

**EQUIFAX INFORMATION SERVICES LLC,**
c/o CSC-Lawyers Incorporating Service Co. (Registered Agent),
7 St. Paul Street, Suite 820,
Baltimore, Maryland 21202;

**TRANS UNION LLC,**
c/o CSC-Lawyers Incorporating Service Co. (Registered Agent),
7 St. Paul Street, Suite 820,
Baltimore, Maryland 21202;

**NAVY FEDERAL CREDIT UNION,**
820 Follin Lane SE,
Vienna, Virginia 22180;

**AMERICAN CREDIT ACCEPTANCE, LLC,**

Case No.: C-15-CV-26-004458

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

**JURY TRIAL DEMANDED**

c/o The Corporation Trust, Incorporated (Registered Agent),

2405 York Road, Suite 201,

Lutherville Timonium, Maryland 21093-2264;

**SANTANDER CONSUMER USA INC.,**

c/o The Corporation Trust, Incorporated (Registered Agent),

2405 York Road, Suite 201,

Lutherville Timonium, Maryland 21093-2264;

**LVNV FUNDING LLC,**

c/o CSC-Lawyers Incorporating Service Co. (Registered Agent),

7 St. Paul Street, Suite 820,

Baltimore, Maryland 21202,

Defendants.

## INTRODUCTION

1. This is a civil action for damages brought by consumer Christina Royster against three consumer reporting agencies — Experian Information Solutions, Inc. ("Experian"), Equifax Information Services LLC ("Equifax"), and Trans Union LLC ("TransUnion") (collectively, "CRA Defendants") — and four furnishers of consumer credit information — Navy Federal Credit Union ("Navy Federal"), American Credit Acceptance, LLC ("ACA"), Santander Consumer USA Inc. ("Santander"), and LVNV Funding LLC ("LVNV") (collectively, "Furnisher Defendants") — for multiple willful and/or negligent violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 et seq.
2. The CRA Defendants failed to follow reasonable procedures to assure maximum possible accuracy of information in Plaintiff's consumer file in violation of 15 U.S.C. § 1681e(b), and failed to conduct reasonable reinvestigations of disputed information following Plaintiff's written disputes in violation of 15 U.S.C. § 1681i.
3. The Furnisher Defendants, upon receiving notice of Plaintiff's consumer disputes forwarded by the CRA Defendants, failed to conduct reasonable investigations, failed to review all relevant information provided, and continued to furnish inaccurate information to the CRAs in violation of 15 U.S.C. § 1681s-2(b).
4. As a direct and proximate result of Defendants' violations, Plaintiff has suffered actual damages including, but not limited to: depressed credit scores, denial of credit and favorable

credit terms, reputational harm, emotional distress, and expenditure of substantial time and resources.

## JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to the FCRA, 15 U.S.C. § 1681p, which provides that an action to enforce any liability created under the FCRA may be brought in any appropriate United States district court or, alternatively, in any other court of competent jurisdiction. The Circuit Court for Montgomery County, Maryland is a court of competent jurisdiction under Maryland Courts and Judicial Proceedings Article § 1-501.
6. Venue is proper in Montgomery County because Plaintiff resides in Burtonsville, Montgomery County, Maryland, and a substantial part of the events giving rise to Plaintiff's claims occurred within this County.

## PARTIES

### A. Plaintiff

7. Plaintiff Christina Royster is an adult individual residing at 3816 Wildlife Lane, Burtonsville, Maryland 20866. At all times relevant herein, Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

### B. CRA Defendants

8. Defendant Experian Information Solutions, Inc. is a corporation organized under the laws of Ohio with its principal place of business at 475 Anton Blvd., Costa Mesa, California 92626. Experian is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f). Experian's Maryland registered agent for service of process is The Corporation Trust, Incorporated, 2405 York Road, Suite 201, Lutherville Timonium, Maryland 21093-2264.
9. Defendant Equifax Information Services LLC is a limited liability company organized under the laws of Georgia with its principal place of business at 1550 Peachtree Street NW, Atlanta, Georgia 30309. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f). Equifax's Maryland registered agent for service of process is CSC-Lawyers Incorporating Service Co., 7 St. Paul Street, Suite 820, Baltimore, Maryland 21202.
10. Defendant Trans Union LLC is a limited liability company organized under the laws of Delaware with its principal place of business at 555 West Adams Street, Chicago, Illinois 60661. TransUnion is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f). TransUnion's Maryland registered agent for service of process is CSC-Lawyers Incorporating Service Co., 7 St. Paul Street, Suite 820, Baltimore, Maryland 21202.

### C. Furnisher Defendants

11. Defendant Navy Federal Credit Union is a federally chartered credit union with its principal place of business at 820 Follin Lane SE, Vienna, Virginia 22180. Navy Federal has no Maryland registered agent and is served at its principal office pursuant to Maryland Rule 2-124(d). At all relevant times, Navy Federal is a furnisher of consumer information within the meaning of 15 U.S.C. § 1681s-2.
12. Defendant American Credit Acceptance, LLC is a limited liability company with its principal place of business at 961 E. Main Street, Spartanburg, South Carolina 29302. ACA's Maryland registered agent for service of process is The Corporation Trust, Incorporated, 2405 York Road, Suite 201, Lutherville Timonium, Maryland 21093-2264. At all relevant times, ACA is a furnisher of consumer information subject to 15 U.S.C. § 1681s-2.
13. Defendant Santander Consumer USA Inc. is a corporation with its principal place of business at 1601 Elm Street, Suite 800, Dallas, Texas 75201. Santander's Maryland registered agent for service of process is The Corporation Trust, Incorporated, 2405 York Road, Suite 201, Lutherville Timonium, Maryland 21093-2264. At all relevant times, Santander is a furnisher of consumer information subject to 15 U.S.C. § 1681s-2.
14. Defendant LVNV Funding LLC is a limited liability company engaged in the acquisition and collection of charged-off consumer debts with its principal place of business c/o Resurgent Capital Services, 55 Beattie Place, Suite 110, Greenville, South Carolina 29601. LVNV's Maryland registered agent for service of process is CSC-Lawyers Incorporating Service Co., 7 St. Paul Street, Suite 820, Baltimore, Maryland 21202. At all relevant times, LVNV is a furnisher of consumer information subject to 15 U.S.C. § 1681s-2.

## <u>FACTUAL ALLEGATIONS</u>

**A. Plaintiff's Consumer Reports and Dispute History**

15. As of April 15-16, 2026, Plaintiff's consumer reports maintained by the CRA Defendants reflect VantageScore 3.0 credit scores of 509 (TransUnion), 498 (Equifax), and 487 (Experian). Each report contains 15-16 derogatory tradelines and 6 collection accounts.
16. On or about March 5, 2026, Plaintiff submitted written disputes to Equifax, Experian, and TransUnion disputing the accuracy and completeness of information reported for the following accounts: Midland Credit Management (Acct. No. [redacted]XXXX), LVNV Funding LLC (Acct. Nos. [redacted]XXXXXXXXXXXXXXX and [redacted]XXXXXXXXXXXXXXXX), American Credit Acceptance (Acct. No. [redacted]XXXXXXXXXXX), Caine & Weiner (Acct. No. [redacted]XXXXXXX), and Contract Callers Inc. (Acct. No. [redacted]XXXXXXX).
17. On or about April 7, 2026, Plaintiff submitted a second round of written disputes to all three CRA Defendants disputing the accuracy and completeness of information reported for the following accounts: Navy Federal Credit Union (Acct. Nos. [redacted]XXXXXXXXX and [redacted]XXXXXXXXXXXX), Celtic Bank/ContFinCo (Acct. No. [redacted]XXXXXXXXXXXXXXX), Verizon Wireless (Acct. No. [redacted]XXXXXXXXXXXXXXXXXX), OneMain (Acct. No. [redacted]XXXXXXXXXXXXXXXXXXX), and Total Visa/TBOM/VT (Acct. No. [redacted]XXXXXXXXXXXXXXXXXXXX).

18. On or about April 10, 2026, Plaintiff submitted a third round of written disputes to all three CRA Defendants disputing the accuracy and completeness of information reported for the following accounts: Santander Consumer USA (Acct. No. [redacted]XXXXXXXXXXXXXXXXXXX), Verizon (Acct. Nos. [redacted]XXXXXXXXXXXXX and [redacted]X), State Employees Credit Union of Maryland (Acct. Nos. [redacted]XXXXXXXXXXXXXXXX and [redacted]XXXXXXXXX), and BMW Financial Services (Acct. No. [redacted]XXXXXXXXX).
19. Upon receiving each dispute, the CRA Defendants were required under 15 U.S.C. § 1681i(a)(1)(A) to conduct a reasonable reinvestigation within 30 days, notify the relevant furnisher of the dispute, and delete or modify any information the CRA could not verify.
20. Following the expiration of the reinvestigation periods triggered by Plaintiff's disputes, multiple disputed accounts continued to appear on one or more of Plaintiff's consumer reports with information Plaintiff contends is inaccurate or incomplete.

**B. Accounts at Issue**

21. The following table identifies the accounts at issue for each Defendant, the bureaus on which each account appears, and the general nature of Plaintiff's dispute:

| Account / Creditor | Reported On | Dispute |
|---|---|---|
| Navy Federal Credit Union (Acct. No. [redacted]XXXXXXXXX) | Equifax; Experian | Accuracy and completeness of reported information disputed |
| Navy Federal Credit Union (Acct. No. [redacted]XXXXXXXXXXXX) | Equifax; TransUnion; Experian | Accuracy and completeness of reported information disputed |
| American Credit Acceptance, LLC (Acct. No. [redacted]XXXXXXXXXX) | Equifax; TransUnion; Experian | Accuracy and completeness of reported information disputed |
| Santander Consumer USA Inc. (Acct. No. [redacted]XXXXXXXXXXXXXXXXXXX) | Equifax; TransUnion; Experian | Accuracy and completeness of reported information disputed |
| LVNV Funding LLC (Acct. No. [redacted]XXXXXXXXXXXXXXX) | Equifax; TransUnion; Experian | Accuracy and completeness of reported information disputed |
| LVNV Funding LLC (Acct. No. [redacted]XXXXXXXXXXXXXXX) | Equifax; TransUnion; Experian | Accuracy and completeness of reported information disputed |

22. The disputed accounts described above continued to appear on Plaintiff's consumer reports after the CRA Defendants' reinvestigation periods expired and after the Furnisher Defendants received dispute notices from the CRA Defendants.

## APPLICABLE LAW

23. Section 1681e(b) of the FCRA requires that whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates. 15 U.S.C. § 1681e(b).
24. Section 1681i(a)(1)(A) of the FCRA requires a CRA, upon receipt of a written consumer dispute, to conduct a reasonable reinvestigation within 30 days to determine whether the disputed information is inaccurate. 15 U.S.C. § 1681i(a)(1)(A). The CRA must delete or modify inaccurate, incomplete, or unverifiable information. 15 U.S.C. § 1681i(a)(5)(A).
25. Section 1681s-2(b) of the FCRA imposes duties on furnishers upon notice of a consumer dispute. Upon receiving notice from a CRA, a furnisher must: (A) conduct an investigation; (B) review all relevant information provided by the CRA; (C) report the results to the CRA; (D) if inaccurate or incomplete, report those results to all other CRAs to which the information was furnished; and (E) promptly modify, delete, or block reporting of any inaccurate or incomplete item. 15 U.S.C. § 1681s-2(b)(1).
26. A consumer may bring a civil action for willful noncompliance under 15 U.S.C. § 1681n — entitling the plaintiff to actual damages or statutory damages of $100 to $1,000 per violation, punitive damages, costs, and fees — or for negligent noncompliance under 15 U.S.C. § 1681o, entitling the plaintiff to actual damages, costs, and fees.

## COUNT I
## VIOLATIONS OF 15 U.S.C. § 1681e(b)
## FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY

**(Against Defendants Experian, Equifax, and TransUnion)**

27. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.
28. Each CRA Defendant violated 15 U.S.C. § 1681e(b) by preparing consumer reports that included inaccurate or incomplete account information with respect to one or more of the accounts identified in Paragraph 21.
29. Each CRA Defendant's failure to follow reasonable procedures to assure maximum possible accuracy with respect to the accounts identified above constitutes a willful and/or negligent violation of 15 U.S.C. § 1681e(b), entitling Plaintiff to damages under 15 U.S.C. §§ 1681n and/or 1681o.

## COUNT II
## VIOLATIONS OF 15 U.S.C. § 1681i

**<u>FAILURE TO CONDUCT REASONABLE REINVESTIGATION</u>**

**(Against Defendants Experian, Equifax, and TransUnion)**

30. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.
31. Upon receiving Plaintiff's written disputes on or about March 5, April 7, and April 10, 2026, each CRA Defendant was required by 15 U.S.C. § 1681i(a) to conduct a reasonable reinvestigation of each disputed item within 30 days.
32. Each CRA Defendant failed to conduct a reasonable reinvestigation with respect to one or more of the accounts identified in Paragraph 21. Disputed information continued to appear on Plaintiff's consumer report following the expiration of the applicable reinvestigation period, without the correction, deletion, or modification required by 15 U.S.C. § 1681i(a)(5)(A).
33. A CRA does not satisfy its § 1681i reinvestigation obligation by forwarding a dispute to the furnisher via automated consumer dispute verification and accepting the furnisher's response without independent review. See Cushman v. Trans Union Corp., 115 F.3d 220, 225 (3d Cir. 1997).
34. Each failure to conduct a reasonable reinvestigation constitutes a willful and/or negligent violation of 15 U.S.C. § 1681i, entitling Plaintiff to damages under 15 U.S.C. §§ 1681n and/or 1681o.

**<u>COUNT III</u>**

**<u>VIOLATIONS OF 15 U.S.C. § 1681s-2(b)</u>**

**<u>FAILURE TO INVESTIGATE CONSUMER DISPUTES AS FURNISHER</u>**

**(Against Defendants Navy Federal Credit Union, American Credit Acceptance, Santander Consumer USA Inc., and LVNV Funding LLC)**

35. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.
36. Upon receiving notice of Plaintiff's disputes forwarded by the CRA Defendants, each Furnisher Defendant was obligated under 15 U.S.C. § 1681s-2(b)(1) to conduct a reasonable investigation, review all relevant information, report the results to the CRAs, and modify, delete, or block the reporting of any inaccurate information.
37. The following table identifies the accounts at issue and the nature of Plaintiff's dispute with respect to each Furnisher Defendant:

| **Furnisher** | **Account(s)** | **Nature of Dispute** | **Alleged Failure** |
|---|---|---|---|
| Navy Federal Credit Union | [redacted]XXXXXXXXX | Plaintiff disputed the ownership of this account | Failed to reasonably investigate; disputed |

| Furnisher | Account(s) | Nature of Dispute | Alleged Failure |
| --- | --- | --- | --- |
| | | | information continued to be reported following receipt of dispute notice |
| Navy Federal Credit Union | [redacted]XXXXXXXXXXXX | Plaintiff disputed the accuracy and completeness of information reported for this account | Failed to reasonably investigate; disputed information continued to be reported following receipt of dispute notice |
| American Credit Acceptance, LLC | [redacted]XXXXXXXXXX | Plaintiff disputed the accuracy and completeness of information reported for this account | Failed to reasonably investigate; disputed information continued to be reported following receipt of dispute notice |
| Santander Consumer USA Inc. | [redacted]XXXXXXXXXXXXXXXXX | Plaintiff disputed the ownership of this account | Failed to reasonably investigate; disputed information continued to be reported following receipt of dispute notice |
| LVNV Funding LLC | [redacted]XXXXXXXXXXXXXXX | Plaintiff disputed the ownership of this account | Failed to reasonably investigate; disputed information |

| Furnisher | Account(s) | Nature of Dispute | Alleged Failure |
|---|---|---|---|
| | | | continued to be reported following receipt of dispute notice |
| LVNV Funding LLC | [redacted]XXXXXXXXXXXXXXX | Plaintiff disputed the ownership of this account | Failed to reasonably investigate; disputed information continued to be reported following receipt of dispute notice |

38. Each Furnisher Defendant's failure to conduct a reasonable investigation, review all relevant information provided by the CRAs, and correct or delete inaccurate information constitutes separate violations of 15 U.S.C. § 1681s-2(b)(1)(A), (B), (C), and (E).

39. The Furnisher Defendants' violations were willful and/or negligent, entitling Plaintiff to damages under 15 U.S.C. §§ 1681n and/or 1681o.

## DAMAGES

40. As a direct and proximate result of the violations described herein, Plaintiff has suffered and continues to suffer the following actual damages:

(a) Damaged credit reputation causing depressed credit scores and denial of favorable credit terms;

(b) Emotional distress, anxiety, and mental anguish caused by the continued reporting of inaccurate information across all three major bureaus;

(c) Loss of time and resources expended across multiple dispute cycles with limited correction of the inaccurate reporting;

(d) Reputational harm from the reporting of derogatory tradelines and collection accounts to third-party users of Plaintiff's consumer reports; and

(e) Lost credit opportunities and increased borrowing costs attributable to the depressed credit scores.

41. The following table identifies the statutory basis for damages attributable to each Defendant:

| Defendant | Role | Statutory Basis for Damages |
|---|---|---|
| Experian Information Solutions, Inc. | CRA | 15 U.S.C. §§ 1681e(b), 1681i, 1681n, 1681o |
| Equifax Information Services LLC | CRA | 15 U.S.C. §§ 1681e(b), 1681i, 1681n, 1681o |
| Trans Union LLC | CRA | 15 U.S.C. §§ 1681e(b), 1681i, 1681n, 1681o |
| Navy Federal Credit Union | Furnisher | 15 U.S.C. §§ 1681s-2(b), 1681n, 1681o |
| American Credit Acceptance, LLC | Furnisher | 15 U.S.C. §§ 1681s-2(b), 1681n, 1681o |
| Santander Consumer USA Inc. | Furnisher | 15 U.S.C. §§ 1681s-2(b), 1681n, 1681o |
| LVNV Funding LLC | Furnisher | 15 U.S.C. §§ 1681s-2(b), 1681n, 1681o |

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Christina Royster respectfully requests that this Court:

A. Enter judgment in Plaintiff's favor against each Defendant for actual damages in an amount to be proven at trial, pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a)(1);

B. Enter judgment in Plaintiff's favor against each Defendant for statutory damages of not less than $100 and not more than $1,000 per willful violation of the FCRA, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

C. Enter judgment in Plaintiff's favor against each Defendant for punitive damages in an amount to be determined by the Court for willful violations of the FCRA, pursuant to 15 U.S.C. § 1681n(a)(2);

D. Order the CRA Defendants to permanently delete all inaccurate and unverifiable information identified in this Complaint from Plaintiff's consumer files and to provide Plaintiff with updated, corrected consumer reports;

E. Order the Furnisher Defendants to permanently cease furnishing the disputed inaccurate information to any consumer reporting agency;

F. Order each CRA Defendant to notify all recipients of Plaintiff's consumer report within the past two years of the required corrections, pursuant to 15 U.S.C. § 1681i(d);

G. Award Plaintiff the costs of this litigation pursuant to 15 U.S.C. §§ 1681n and 1681o; and

H. Grant such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Christina Royster hereby demands trial by jury on all issues so triable pursuant to Maryland Rule 2-325.

Respectfully submitted,

**/s/ Christina Royster**
**Christina Royster, Pro Se Plaintiff**
3816 Wildlife Lane
Burtonsville, Maryland 20866
Telephone: (240) 277-8663
Email: christinaroyster08@gmail.com

Date: August 19, 2026